IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE TANGRADI, | |
| Plaintiff, | Civil Action No. 2:21-CV-02165-JHS |
| v. | |
| CITY OF PHILADELPHIA, et al., | |
| Defendants. | |

**[PROPOSED] ORDER**

**AND NOW**, this ___ day of March 2022, upon consideration of the attached Joint Stipulation, it is hereby **ORDERED** that the Stipulation is **APPROVED**. Pursuant to the terms of the Stipulation, all claims against Danaher Corporation are hereby **DISMISSED without prejudice**, with each party to bear its own costs and attorneys' fees.

It is so **ORDERED**.

BY THE COURT:

_____
**JOEL H. SLOMSKY, J**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE TANGRADI, | ) |
| Plaintiff, | ) Civil Action No. 2:21-CV-02165-JHS |
| v. | ) |
| CITY OF PHILADELPHIA, et al., | ) |
| Defendants. | ) |

## JOINT STIPULATION

WHEREAS, Janice Tangradi ("Plaintiff") filed suit on May 12, 2021, in the action *Tangradi v. City/County of Philadelphia, et al.*, No. 2:21-CV-02165-JHS, in the United States District Court for the Eastern District of Pennsylvania (the "Litigation") against various Defendants including the Danaher Corporation ("Danaher");

WHEREAS, counsel for Danaher has represented that Danaher is not a proper Defendant in the Litigation and the Court lacks personal jurisdiction over Danaher;

WHEREAS, the Parties have agreed to suspend and toll as of the date of the filing of the Litigation any and all applicable limitations that may apply to Danaher with respect to the Litigation (the "Limitations Period");

WHEREAS, with such protection against the statute of limitations, Plaintiff will dismiss without prejudice her claims against Danaher.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1. The Limitations Period, that had not expired as of May 12, 2021 is hereby suspended, stayed, or tolled, with respect to the claims set forth in the complaint against Danaher. Unless this Stipulation is extended by further agreement of the Parties, such tolling shall run from May 12, 2021 through May 12, 2023 (the "Tolling Period").

2. All claims against Danaher in the Litigation are hereby dismissed without prejudice, with each Party to bear its own costs and attorneys' fees.

3. Other than as expressly provided, nothing in this Stipulation shall affect any claim or defense available to the Parties (including jurisdictional defenses), and this Stipulation shall not be deemed to revive any claim that is or was already barred May 12, 2021. Nothing in this Stipulation, or the circumstances giving rise to the Stipulation, shall be construed as an acknowledgment by the Parties that a claim has or has not been barred by any applicable Limitations Period or any other defense, legal, equitable or otherwise, based upon the lapse or passage of time prior to execution of the Stipulation, or after the expiration of the Tolling Periods. The Parties to this Stipulation hereby expressly reserve any and all claims, counterclaims, causes of action and defenses to the same which they may have, except as indicated above with respect to a defense based on any applicable Limitations Period.

4. The Parties agree that the doctrine of *contra proferentum* shall not apply and that this Stipulation shall not be construed against the Party that drafted it.

5. The Parties further agree that nothing contained in this Stipulation shall be considered, construed or deemed an admission of liability, fault or other wrongdoing by any Party, or an attempt to allocate liability or fault.

      6.      This Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors, assigns, affiliates, parents, subsidiaries, officers, directors, agents and other representatives.

      7.      This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without reference to its choice of law rules.

      8.      Each of the undersigned represents and warrants he or she is duly authorized to enter into this Stipulation and that each intends the Stipulation to be a valid and binding obligation, enforceable in accordance with its terms.

      9.      This Stipulation may be executed in multiple counterparts, and an electronically scanned (in either .pdf or .tiff format) signature will be considered an original signature for purposes of execution of this Stipulation.  Each counterpart shall be deemed to be an original as against a Party whose signature appears thereon and all of which shall together constitute one and the same instrument.

      10.      This Stipulation contains the entire agreement of the Parties with respect to the issue of tolling any applicable Limitations Period.

      IT IS SO STIPULATED.

      Dated March __ 2022

ABRAMSON & DENENBERG

*/s/ Alan E. Denenberg*
Alan E. Denenberg
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
215-546-1354
Fax: 215-546-5355
Email:  adenenberg@adlawfirm.com

*Counsel for Plaintiff*

**WILLIAMS & CONNOLLY LLP**

<u>*/s/ David A. Forkner*</u>
David A. Forkner
725 Twelfth St., NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5329
dforkner@wc.com

*Counsel for Danaher Corporation*